O’Donnell, J.,
dissenting.
*329 {¶ 22} I respectfully dissent.
{¶ 23} This case concerns whether a conveyance reserving “all mineral rights, including rights of ingress and egress and reasonable surface right privileges,” permits the owner of the mineral interest to strip mine land purchased by the state to establish the Brush Creek Wildlife Area. In my view, it does not.
{¶ 24} We have long recognized the principle as
well settled, that when one owning the whole fee, grants the minerals, reserving the surface to himself, his grantee will be entitled only to so much of the minerals, as he can get without injury to the superincumbent soil, unless, the language of the instrument clearly imports, that it was the intention of the grantor to part with the right of subjacent support.
Burgner v. Humphrey, 41 Ohio St. 340, 352 (1884). Thus, when mineral interests are severed from the surface estate, “[e]ach owner must so use his own, as not to injure the property of the other.” Id.
{¶ 25} Ownership of the mineral estate “ ‘carries with it the right to use as much of the surface as may be reasonably necessary to reach and remove the minerals.’ ” (Emphasis added.) Skivolocki v. E. Ohio Gas Co., 38 Ohio St.2d 244, 249, 313 N.E.2d 374 (1974), fn. 1, quoting 54 American Jurisprudence 2d, Mines and Minerals, Section 210, at 389.
{¶ 26} In Skivolocki, we considered whether strip mining is a reasonably necessary use of the surface to reach the minerals and concluded that “the right to strip mine is not incident to ownership of a mineral estate,” because “strip mining is totally incompatible with the enjoyment of a surface estate,” and “the right to ‘use’ the surface cannot be reasonably construed as the right to destroy it.” Id. at 251. Thus, one’s ownership of coal does not imply the right to remove it by strip mining, even if other methods are not economically feasible, and the owner of the mineral interest bears the “heavy burden” to demonstrate that the conveyance grants the right to strip mine. Id.
{¶ 27} More recently, in Graham v. Drydock Coal Co., 76 Ohio St.3d 311, 667 N.E.2d 949 (1996), we reaffirmed Skivolocki, noting that reserving the rights to minerals does not imply the right to strip mine the property. Id. at 315. There, we relied on “a long line of Ohio coal cases originating with Burgner ” that are applicable “to the strip-mining issues of today.” Id. We further explained:
When the mineral and surface interests in a tract of land are severed so that use can be made of the same land by different parties, and the land is *330 thereby rendered doubly productive, the surface owner has an unequivocal right to the integrity of the surface. The actions of the mineral owner are limited by the obligation not to destroy or damage the surface estate unless a release from that obligation is expressly included in the deed or contract.
Yorys, Safer, Seymour & Pease, L.L.P., John K. Keller, Philip F. Downey, and William A. Sieck, for appellants.
Michael DeWine, Attorney General, Michael J. Hendershot, Chief Deputy Solicitor, and Megan Dillhoff, Deputy Solicitor, for appellees.
(Citations omitted.) Id. And we followed the decisions of other coal-producing states in recognizing that the owner of the mineral estate may not extract the minerals “by means of a technique that destroys the [surface] estate,” unless the deed reserves that right “ ‘by clear and unequivocal language.’ ” Id. at 317-318, quoting Stonegap Colliery Co. v. Hamilton, 119 Va. 271, 292, 89 S.E. 305 (1916).
{¶ 28} In this case, the conveyance granted the owner of the mineral interest “all mineral rights, including rights of ingress and egress and reasonable surface right privileges.” At the time of this conveyance, Ohio law recognized the mineral estate owner’s duty not to damage or destroy the surface unless the deed or lease expressly released that obligation. And our decisions in Skivolocki and Gi‘aham subsequently decided that a right to use as much of the surface as is reasonably necessary to reach and remove minerals does not imply the right to strip mine the property. Thus, the reservation of “reasonable surface right privileges” does not clearly and unambiguously release Ronald Snyder and Steven Neeley from their duty not to injure the surface estate, nor does it satisfy their “heavy burden” to establish their right to engage in strip mining in a state wildlife area.
{¶ 29} Accordingly, I would affirm the judgment of the court of appeals.